PER CURIAM.
Horace Wade appeals an order denying his petition for post-conviction relief pursuant to Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix. The sole question presented is whether or not the court erred in denying the petition without a plenary hearing when the petitioner alleged, inter alia, that he:
“ * * * was not identified in the line up by any of the witness, [sic] and was denided [sic] to obtain witnesses in behalf of the petitioner.”
and that:
“Petitioner was denied the right of witness [sic] at the prelimnary [sic] hearing. * * * ”
The petitioner relies primarily on Stratos v. State, Fla.App.1964, 167 So.2d 771 as support for the contention that he is at least entitled to a hearing on his petition. The petitioner in that case alleged that he had been denied assistance of witnesses in *573 view of a statement by his court-appointed counsel that the court would not pay the costs of summoning defense witnesses at petitioner’s original trial. The instant petition contained no such allegation.
It is also notable that in the Stratos case the opinion contains the following statement:
“ * * * It has been held that the failure of counsel to call witnesses on behalf of the defense is a ’matter of personal judgment exercised by defense counsel, and is not a ground for collateral attack. * * * ”
The record in the instant case discloses that on his trial the petitioning defendant was ably represented by counsel and that the allegations in his petition for post-conviction relief are not sufficient to invoke a plenary hearing.
Affirmed.
ALLEN, Acting C. J., and SHANNON and WHITE, JJ., concur.